J-A30011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLSPAN MEDICAL GROUP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN MICHAEL, M.D. | : | |
| | : | |
| Appellant | : | No. 371 MDA 2019 |

Appeal from the Order Entered February 4, 2019
In the Court of Common Pleas of Adams County Civil Division at No(s):
2018-SU-981

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

JUDGMENT ORDER BY DUBOW, J.:              **FILED NOVEMBER 13, 2019**

Appellant, Brian Michael, M.D., appeals from the February 4, 2019 Order entered in the Adams County Court of Common Pleas granting the Petition for Preliminary Injunction filed by Appellee, WellSpan Medical Group.  After careful review, we dismiss Appellant's appeal as moot.

The relevant facts and procedural history are as follows.  On April 1, 2010, Appellee, hired Appellant, a board certified endocrinologist, as a physician, pursuant to the terms of a professional services agreement ("Agreement").  The Agreement included a non-competition clause prohibiting Appellant from "directly or indirectly compet[ing] with any service offered by" Appellee in York or Adams Counties for a period of two years following Appellant's termination by Appellee for any reason.  Agreement, 4/1/10, at

_____

[*] Retired Senior Judge assigned to the Superior Court.

Articles 5.0, 5.2.1. Appellant left Appellee's employ on March 27, 2017. Thus, by its terms, the non-competition clause expired on March 27, 2019.

Throughout 2018, Appellant threatened to open, and then took affirmative steps to open, an endocrinology practice in Adams County. Accordingly, on September 11, 2018, Appellee filed a Petition for Injunctive Relief seeking to enforce the terms of the non-competition clause. On February 4, 2019, the trial court granted Appellee's Petition, permanently enjoining Appellant from, *inter alia*, engaging in the practice of endocrinology in York or Adams Counties as provided in the non-competition clause. The trial court ordered that the "injunction shall remain in place through and including March 27, 2019[,] at which time the injunction shall automatically vacate." Order. 2/4/19, at ¶ 6.

This timely appeal followed.[1] Prior to addressing the merits of Appellant's appeal, we must first determine whether this appeal is moot.

As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot.

> An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*) (citations and quotations omitted).

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Here, the dispute centers on a Permanent Injunction that, by its own express terms, expired on March 27, 2019.  **See** Order, 2/4/19, at ¶ 6. Accordingly, an actual case or controversy no longer exists between Appellant and Appellee.  Because Appellant is no longer required to abide by the injunction, our review would be of no effect.  **See In re D.A.**, 801 A.2d at 616.  Accordingly, we dismiss the appeal as moot.[2]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/13/2019</u>

---

[2] Moreover, the instant case does not satisfy any of the exceptions to the mootness doctrine.  **See Ferko-Fox v. Fox**, 68 A.3d 917, 920 (Pa. Super. 2013) (citation omitted) (explaining that "[t]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court").